UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICIO HERNANDEZ PINEDA,<br><br>                          Movant,<br><br>          -against-<br><br>UNITED STATES OF AMERICA,<br><br>                          Respondent. | 26-CV-3437 (PKC)<br><br>15-CR-379-4 (PKC)<br><br>ORDER OF DISMISSAL |

P. KEVIN CASTEL, United States District Judge:

Movant Mauricio Hernandez Pineda, who is currently incarcerated at FCI Bennettsville in South Carolina, brings this *pro se* application challenging his judgment of conviction in *United States v. Hernandez Pineda*, No. 15-CR-0379 (PKC) (S.D.N.Y. July 8, 2024). For the reasons set forth below, the Court construes the application as a motion under 28 U.S.C. § 2255 and denies the motion without prejudice as premature because Movant's direct appeal to the United States Court of Appeals for the Second Circuit remains pending.

### STANDARD OF REVIEW

A prisoner in federal custody may bring a motion under 28 U.S.C. § 2255 attacking his sentence on the grounds that it is in violation of the Constitution or United States law, was imposed without jurisdiction, exceeds the maximum penalty, or it is otherwise subject to collateral attack. 28 U.S.C. § 2255. Under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has the authority to review and deny a Section 2255 motion prior to directing an answer "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing § 2255 Proceedings, Rule 4(b); *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

Mailed to Mr. Hernandez Pineda 5/20/2026

The Court is obliged to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest.*" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

On February 2, 2024, Movant Mauricio Hernandez Pineda pleaded guilty to one count of conspiracy to import cocaine into the United States, in violation of 21 U.S.C. § 963 and 18 U.S.C. § 3238. *See Hernandez Pineada*, No. 15-CR-0394-4 (ECF 693). He was sentenced to 180 months' imprisonment and five years' supervised release, and judgment entered on July 8, 2024. *Id.* (ECF 810).

Movant's notice of criminal appeal was filed on July 10, 2024, and an appeal was opened on the docket of the Court of Appeals for the Second Circuit as *United States v. Diaz Morales (Hernandez Pineada)*, No. 24-1868 (2d Cir.). On February 14, 2025, counsel filed an *Anders* brief on Movant's behalf. On June 30, 2025, the United States filed a motion asking the court of appeals to dismiss the appeal as barred by the waiver of appellate rights, or in the alternative, for summary affirmance. *Hernandez Pineda*, No. 24-1868 (ECF 91-93). The appeal remains pending.

Movant contends in his letter application that defense counsel compelled him to plead guilty with "threats, false promises, and lies." (ECF 1 at 1.) He asserts that the legal representation that he received was "fraudulent and [i]n[e]fficient." (*Id.*) He further argues that attorneys failed to investigate evidence of his innocence. (*Id.*)

Moreover, Movant asserts that the conditions of his pretrial confinement hampered his defense and his ability to prove his innocence. Among other things, Movant argues that: (1) he was restricted from contacting his family in Honduras for 32 months, which impaired his ability to gather evidence; and (2) his health was compromised because he was housed in a cell "for mental health patients" and later in "dangerous classification areas," was prescribed medications incompatible with one another, was infected by the Covid-19 virus twice, and was placed in solitary confinement for nine months. (*Id.* at 1-2.)

Movant states that his father is "older" and ill and "needs [him]." (*Id.* at 2.) Movant seeks to present evidence supporting these arguments, and he asks for a "pardon and . . . a chance to return to [his] family and his country." [1] (*Id.* at 3.)

## DISCUSSION

### A.      Characterization as a Motion Under 28 U.S.C. § 2255

A motion under 28 U.S.C. § 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Movant's letter application sets forth grounds on which he challenges his conviction in *Hernandez Pineada*, No. 15-CR-0394-4 (PKC) (S.D.N.Y), and the letter should therefore be liberally construed as a motion under 28 U.S.C. § 2255.

"Habeas petitioners are generally entitled to 'one fair opportunity' to litigate the merits of their postconviction claims in federal court." *Rivers v. Guerrero*, 605 U.S. 443, 450 (2025) (citing *Banister v. Davis*, 590 U.S. 504, 507 (2020)). Because of this single opportunity, district

---

[1] Movant's co-defendant, Juan Orlando Hernandez, received a full pardon on December 1, 2025, from President Donald J. Trump, and on that basis the judgment against Juan Orlando Hernandez was vacated. *See United States v. Hernandez*, 15-CR-0379-10 (ECF 878). The U.S. President has the authority, under Article II, Section 2, Clause 1 of the U.S. Constitution to issue pardons for federal convictions. The judiciary does not issue such pardons.

3

courts generally should not recharacterize a motion purportedly made under some other rule as a motion made under Section 2255, without providing notice and an opportunity to withdraw, where such recharacterization "can affect the movant's right to bring a future" Section 2255 motion. *Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998). A subsequent petition will not be considered "second or successive," 28 U.S.C. § 2244(b), when disposition of the earlier petition was not an adjudication on the merits. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) ("A *habeas* petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition."); *Graham v. Costello*, 299 F.3d 129, 132 (2d Cir. 2002) ("[A] petition shall be classified as 'second or successive' if a prior petition, challenging the same conviction, has been decided 'on the merits.'").

Here, the Court need not grant Movant notice and an opportunity to withdraw this application before recharacterizing it because, as explained below, the Section 2255 motion is premature. Dismissal of this action without prejudice as premature is not an adjudication on the merits that will affect Movant's future opportunities to challenge his conviction. *See*, *e.g.*, *Camarano v. Irvin*, 98 F.3d 44, 47 (2d Cir. 1996) ("[A] dismissal without prejudice [of an initial petition] can have no preclusive effect on subsequent petitions."); *see also Jiminian*, 245 F.3d at 148 ("[T]he concerns raised in *Adams* do not apply to a federal prisoner, like Jiminian, who has previously had a § 2255 motion dismissed on the merits because, under such circumstances, the federal prisoner is already subject to the AEDPA's gate-keeping requirements."). The Court therefore treats Movant's letter (ECF 1) as a Section 2255 motion challenging his judgment of conviction in *Hernandez Pineada*, No. 15-CR-0394-4 (PKC) (S.D.N.Y. July 2, 2024).

**B.      Premature Section 2255 Motion**

A criminal defendant is generally required to pursue a direct appeal before bringing a Section 2255 motion. *See United States v. Vilar*, 645 F.3d 543, 548 (2d Cir. 2011). There is no jurisdictional bar to the district court's adjudication of a Section 2255 motion while a direct appeal is pending. *See United States v. Outen*, 286 F.3d 622, 632 (2d Cir. 2002). Nevertheless, district courts generally conclude that declining to proceed while an appeal is pending is in the interest of judicial economy "to avoid confusion or waste of time resulting from having the same issues before two courts at the same time," *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (internal quotation marks and citation omitted), and to avoid expending resources to reach a decision that could be rendered a "nullity" by the results of a direct appeal, *Outen*, 286 F.3d at 632. Because Movant's appeal remains pending, the Court concludes that this Section 2255 motion is premature and denies it without prejudice to refiling upon conclusion of the appeal.

### CONCLUSION

The Court construes Movant's application (ECF 1) as a motion filed under 28 U.S.C. § 2255 and denies the Section 2255 motion as premature, without prejudice to refiling. Because the motion at this time makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    May 20, 2026
          New York, New York

                                     P. KEVIN CASTEL
                             United States District Judge